**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No: 1:26-cv-23822

IRVIN ALMAN,

      Plaintiff,

v.

CARNIVAL CORPORATION,

      Defendant.

_____/

## AMENDED JOINT SCHEDULING REPORT

Pursuant to Local Rule 16.1(b)(2), the Parties hereby respectfully submit the following joint scheduling report and proposed scheduling order:

**(A)**    **The likelihood of settlement.**

Settlement negotiations are in the process of taking place and there is a reasonable likelihood of settlement.

**(B)**    **The likelihood of appearance in the action of additional parties.**

It is unlikely that additional parties are to appear in this action.

**(C)**    **Proposed limits on the time: (i) to join other parties and to amend the pleadings; (ii) to file and hear motions; and (iii) to complete discovery.**

The parties' proposed limits on time are contained in the Amended Joint Proposed Scheduling Order attached hereto as Exhibit "A."

**(D)**    **Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the timing of motions for summary judgment or partial summary judgment.**

The parties agree to work together in good faith to simplify the issues, including claims, defenses, and the timing of motions for summary judgment or partial summary

judgment. As discovery has not yet commenced, the parties do not have specific proposals at this time.

**(E)     The necessity or desirability of amendments to the pleadings;**

As discovery has not yet commenced, the parties do not have an adequate basis to determine whether any amendments to the pleadings will be needed.

**(F)     The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence.**

The parties will work together in good faith to reach agreements prior to trial regarding admissions of fact and documents to avoid unnecessary proof. Presently, the need for an advance ruling from the Court on admissibility of evidence is unknown.

**(G)     Suggestions for the avoidance of unnecessary proof and of cumulative evidence.**

This is a straightforward matter involving allegations against Defendant for negligence in a personal injury action, and therefore, the parties do not anticipate problems with cumulative evidence or unnecessary proof. Prior to submitting a joint pretrial stipulation, the parties will endeavor to agree on joint exhibits to the extent possible.

**(H)     Suggestions on the advisability of referring matters to a Magistrate Judge or master.**

See the parties' completed the Amended Election to Jurisdiction by a United States Magistrate Judge attached hereto as Exhibit "B." The parties consent to the United States Magistrate Judge presiding over discovery matters only. Except for the specific motions identified below, the parties do not consent to the Magistrate Judge presiding over trial or any other dispositive proceedings.

**(I)     A preliminary estimate of the time required for trial.**

The estimated length of trial is three (3) to five (5) days.

**(J)** **Requested date or dates for conferences before trial, a final pretrial conference, and trial.**

The parties proposed dates for these events, if any, are contained in the attached

"Exhibit A" Proposed Joint Scheduling Order.

**(K)** **An issues about: (i) disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced; (ii) claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert those claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502; and (iii) when the parties have agreed to use the ESI Checklist available on the Court's website, matters enumerated on the ESI Checklist.**

The parties do not anticipate that resolution of this matter will involve extensive ESI

production at this time. The Parties will make their best efforts to ensure that issues

involving the assertion of privilege are resolved without the need for court intervention.

**(L)** **Any other information that might be helpful to the Court in setting the case for status or pretrial conference.**

None at this time.

<table>
<tr><td>

*/s/ Michael A. Hoffman*
David W. Singer, Esq.
dsingeresq@aol.com
Florida Bar No.: 306215
Michael A. Hoffman, Esq.
Florida Bar No.: 89549
mahoffman@l800askfree.com
DAVID W. SINGER & ASSOCIATES, P.A.
1011 South Federal Highway
Hollywood, FL 33020
*Counsel for Plaintiff*

</td><td>

*/s/ Gina M. Sabatino*
Gina M. Sabatino, Esq.
Florida Bar No.: 116453
gsabatino@chartwelllaw.com
Andrew D. Craven, Esq.
Florida Bar No.: 185388
acraven@chartwelllaw.com
THE CHARTWELL LAW OFFICES, LLP
100 SE 2nd Street, Suite 2150
Miami, Florida 33131-5322
Telephone: (305) 372-9044
Facsimile: (305) 372-5044
*Attorneys for Defendant*

</td></tr>
</table>

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 13, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and served the forgoing by email to: David W. Singer, Esq., dsingeresq@aol.com; and Michael A. Hoffman, Esq., mahoffman@l800askfree.com; litigation@l800askfree.com; ndvorak@l800askfree.com; at David W. Singer & Associates, P.A., 1011 South Federal Highway. Hollywood, FL 33020.

*/s/ Gina M. Sabatino*
Gina M. Sabatino, Esq.

4