**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No: 1:26-cv-23822-FAM

IRVIN ALMAN,

      Plaintiff,

        v.

CARNIVAL CORPORATION,

      Defendant.

_____/

## <u>DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLANT</u>

Defendant, CARNIVAL CORPORATION LTD., ("Carnival" or "Defendant"), moves to dismiss Plaintiff's First Amended Complaint (ECF No. 11, "FAC") pursuant to Rules 8(a), 10(b) and 12(b)(6) of the Federal Rules of Civil Procedure and as grounds therefore states as follows:

## <u>INTRODUCTION</u>

Plaintiff, Irvin Alman ("Plaintiff"), alleges in his First Amended Complaint that while a passenger aboard the Carnival *Venezia*, he sustained injuries when a bathroom safety handrail located in his stateroom allegedly detached from the wall while he was using it for support in the shower, causing him to fall. See ECF No. 11, ¶ 8. Plaintiff asserts claims against Carnival for negligent failure to warn (Count I), negligent failure to maintain (Count II), general negligence for failure to address a fleet-wide pattern of substantially similar incidents (Count III), and general negligence based on the alleged conduct of Carnival's crewmembers under a theory of vicarious liability (Count IV).

Plaintiff filed the First Amended Complaint following Defendant's Motion to Dismiss the original Complaint. Although Plaintiff amended the pleading to identify several prior lawsuits

involving bathroom safety fixtures aboard other Carnival vessels and to reference general categories of crewmembers allegedly responsible for inspecting and maintaining the subject handrail, those amendments do not cure the pleading deficiencies identified in Defendant's original motion. Despite adding allegations concerning purported prior incidents, Plaintiff still fails to plausibly allege that Carnival had actual or constructive notice of the specific risk-creating condition at issue because the cited lawsuits involve different vessels, different bathroom fixtures, and materially different factual circumstances that do not establish substantially similar incidents under governing maritime law. Nor do Plaintiff's conclusory allegations regarding inspections or the passage of time plausibly establish notice.

Further, Plaintiff continues to assert four negligence counts arising from the same alleged incident involving the same bathroom handrail in Plaintiff's stateroom aboard the Carnival *Venezia*. Although styled as separate causes of action, Counts I, III, and IV merely repackage Plaintiff's negligent maintenance claim under different labels without alleging distinct duties or legally independent theories of liability.

First, counts One, Two, and Three fail to state a claim because Plaintiff fails to plausibly allege actual or constructive notice of the allegedly defective handrail. Second, Count I remains duplicative of Plaintiff's negligent maintenance claim because it merely repackages the same alleged dangerous condition as a negligent failure-to-warn claim. Third, Count III, newly titled "General Negligence Against Defendant for Failure to Address a Fleet-Wide Pattern of Substantially Similar Incidents," fails for two independent reasons. Plaintiff still fails to plausibly allege actual or constructive notice because the purported prior lawsuits do not involve substantially similar risk-creating conditions sufficient to establish notice under Eleventh Circuit precedent. Moreover, Count III does not allege a separate duty or independent theory of liability

recognized under general maritime law. Instead, it merely advances an alternative factual theory by which Plaintiff seeks to establish the notice element of his negligent maintenance claim and is therefore duplicative of Count II. Finally, Count IV improperly attempts to recast Carnival's alleged direct negligence as a claim for vicarious liability. Although Plaintiff now identifies general categories of crewmembers, he still fails to allege facts demonstrating negligent operational conduct attributable to a sufficiently identifiable employee or discrete group of employees as required to state a plausible claim for vicarious liability under maritime law.

Accordingly, Defendant respectfully requests that this Court dismiss Plaintiff's First Amended Complaint in its entirety.

## MEMORANDUM OF LAW

### I.   Motion to Dismiss Standard

Dismissal for failure to state a claim is warranted "when it appears that the plaintiff has little or no chance of success, i.e., when the complaint on its face makes clearly baseless allegations or relies on legal theories that are indisputably meritless." *Aruanno v. Martin County Heriff*, 343 F. App'x 535, 536 (11th Cir. 2009). Federal Rule of Civil Procedure 12(b)(6) provides that a complaint is to be dismissed if it fails to state a claim upon which relief can be granted. Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (2). "While a complaint attacked by a 12(b)(6) motion to dismiss does not need detailed factual allegations" to survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level..." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint is insufficient if "it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008).

II.   **General Maritime Law Principles**

Incidents occurring on the navigable waters and bearing a significant relationship to traditional maritime activities are governed by maritime law. *See Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625 (1959); *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984). Alman alleges his incident occurred while he was a passenger aboard the Carnival *Venezia*. (ECF No. 1, ¶¶5-6). As such, General Maritime Law applies.

"To prevail on a maritime tort claim, a plaintiff must show that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012).

III.   **Plaintiff's First Amended Complaint Still Fails To State Independent Negligence Claims and Fails to Sufficiently Allege Notice**

A defendant's actual or constructive notice of a risk-creating condition remains fundamental to a negligence claim under maritime law because a shipowner only has a duty, and therefore can only be held negligent, with respect to dangers "of which the carrier knows or reasonably should have known." *Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 794 (11th Cir. 2017). Accordingly, as a prerequisite to imposing liability, a carrier must have had 'actual or constructive notice of the risk-creating condition.'" *Id.* (citing *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989)); see also *Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 n.3 (11th Cir. 1990).

Actual notice exists when the defendant knows of the risk-creating condition. Constructive notice may be established where a dangerous condition existed for a sufficient period of time or by evidence of substantially similar incidents. *Bujarski v. NCL (Bah.) Ltd.*, 209 F. Supp. 3d 1248, 1250 (S.D. Fla. 2016); *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710 (11th Cir. 2019).

The First Amended Complaint fails to plausibly allege that Carnival had actual or constructive notice of the allegedly defective handrail. Here, Plaintiff relies on three boilerplate theories of notice: (1) inspections and cleaning of the area, (2) unspecified prior incidents, and (3) the conclusory assertion that the condition existed for a sufficient length of time to be discovered. None of these theories are supported by factual allegations. Under Twombly, Iqbal, and Holland, such formulaic recitations of notice are insufficient to state a maritime negligence claim. *See Holland v. Carnival Corp*., 50 F.4th 1088, 1096 (11th Cir. 2022), *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008). *See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The First Amended Complaint alleges that the dangerous condition was a safety handrail in the bathroom of stateroom 8329 that allegedly detached from the wall while Plaintiff was using it. *See* ECF No. 11, FAC ¶¶ 8, 17. Plaintiff first alleges that Carnival acquired notice through "the cleaning and/or inspection of the subject area prior to this accident." *Id*., FAC, ¶11(a). This allegation merely assumes that because inspections allegedly occurred, Carnival necessarily should have discovered a defect. However, the First Amended Complaint contains no factual allegations describing the nature of the alleged defect, whether it was visible, whether it was detectable through reasonable inspection, or what any crewmember purportedly observed that would have alerted Carnival to a dangerous condition. Such speculation is insufficient to establish actual or constructive notice. *See Holland v. Carnival Corp*., 50 F.4th 1088, 1096 (11th Cir. 2022). *See Moseley v. Carnival Corp*., 593 F. App'x 890 (11th Cir. 2014). *See also Newbauer v. Carnival Corp.,* 26 F.4th 931 (11th Cir. 2022).

Further, Plaintiff simultaneously alleges that "[t]he dangerous condition was not open and obvious to Plaintiff." *Id*. ¶10. The First Amended Complaint therefore asks the Court to infer that Carnival should have discovered a condition that Plaintiff himself alleges was not readily apparent.

Such an inferential leap is insufficient under Twombly and Iqbal. *See Mattera v. MSC Cruises, S.A.,* No. 24-60907-CIV-DAMIAN, 2024 U.S. Dist. LEXIS 153711 (S.D. Fla. Aug. 26, 2024). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008). *See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff next alleges that Carnival had notice through "prior incidents in the same or similar areas of Defendant's ships." *See* ECF No. 11, ¶ 11(b). This allegation likewise fails. Conclusory allegations that prior incidents existed, without facts demonstrating substantial similarity, are insufficient as a matter of law to establish constructive notice. For a plaintiff to adequately plead notice based on substantially similar incidents, the complaint must include enough allegations "to plausibly plead that [the] [d]efendant had notice of the dangerous condition." *See Fawcett v. Carnival Corp.,* 682 F. Supp. 3d 1106, 1111 (S.D. Fla. 2023). *See also Taiariol v. MSC Crociere S.A.,* 677 F. App'x 599 (11th Cir. 2017)). Plaintiff's First Amended Complaint here identifies no prior incident, no date, no location, no vessel, no circumstances, and no facts demonstrating that any prior incident involved a similar handrail failure. Such conclusory allegations of unspecified prior incidents are insufficient to plausibly allege notice. *See Segarra v. Carnival Corp.*, No. 21-23661-CIV-MARTINEZ-BECERRA, 2022 U.S. Dist. LEXIS 160724 (S.D. Fla. Sep. 6, 2022); *Polanco v. Carnival Corp.,* No. 10-21716-CIV-JORDAN, 2010 U.S. Dist. LEXIS 150857 (S.D. Fla. Aug. 10, 2010).

Although Plaintiff amended his Complaint to include additional allegations concerning purported prior lawsuits involving wall-mounted bathroom fixtures aboard other Carnival vessels, the First Amended Complaint still fails to state viable claims for negligent failure to warn, a separate "fleet-wide" negligence claim, or vicarious liability. For instance, Plaintiff attempts to satisfy the notice requirement through allegations concerning prior lawsuits involving various

bathroom support fixtures aboard different Carnival vessels. *See* ECF No. 11, FAC ¶¶ 29, (a-d). Plaintiff alleges those lawsuits demonstrate a "fleet-wide pattern" of substantially similar incidents and therefore establish Carnival's notice of the allegedly defective handrail at issue here. While Plaintiff has added factual allegations concerning those prior lawsuits, those allegations do not create a new or independent theory of negligence. Rather, they merely represent Plaintiff's evidentiary theory by which Carnival allegedly acquired notice of the same allegedly defective handrail that forms the basis of every count asserted in the First Amended Complaint.

Indeed, Plaintiff's allegations concerning the prior lawsuits are relevant, if at all, only to the notice element of his negligence claims. They do not create an independent legal duty separate from Carnival's duty to exercise reasonable care under the circumstances. Nor do they transform Plaintiff's maintenance allegations into a separate negligence cause of action.

Instead, every count arises from the identical alleged occurrence involving the same bathroom handrail in Plaintiff's stateroom. Plaintiff alleges Carnival failed to inspect, maintain, repair, monitor, and warn of that same handrail. The additional allegations concerning purported prior lawsuits merely provide Plaintiff's explanation for why Carnival allegedly should have known about the condition. They do not establish a separate actionable breach.

Accordingly, while the First Amended Complaint includes additional factual allegations concerning notice, those allegations do not salvage Plaintiff's duplicative negligence claims. As discussed below, Counts I and III merely repackage Plaintiff's negligent maintenance claim under different labels and should therefore be dismissed.

Plaintiff further alleges that "the foregoing conditions existed for sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of the dangerous condition posed by the subject handrail and then corrected it." *See* ECF No. 11,

¶ 11(c). However, the First Amended Complaint contains no factual allegations regarding when the alleged defect arose, how long the handrail was purportedly defective, whether there were any observable signs of looseness, instability, deterioration, or disrepair, or any other facts from which the Court could plausibly infer constructive notice. Instead, Plaintiff merely recites the legal standard for constructive notice without supplying supporting facts. Such bare allegations are precisely the type of conclusory pleading rejected by *Twombly, Iqbal, and Holland. See Holland v. Carnival Corp.,* 50 F.4th 1088 (11th Cir. 2022). *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008).

Paragraph 13 suffers from the same defect. There, Plaintiff alleges that Carnival "and/or its agents, and/or employees routinely clean and monitor the area in question and should have observed the dangerous condition posed by the subject handrail." *Id*. ¶13 a-b. Yet the First Amended Complaint contains no factual allegations describing what condition was observable before the incident, how it manifested itself, or why routine cleaning or monitoring would have revealed the alleged defect. Without such facts, Plaintiff merely asks the Court to speculate that inspections would necessarily have uncovered the condition. *Twombly* and *Iqbal* do not permit such speculation. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008).

### A.  Count I Fails Because It Is Duplicative

Count One should be dismissed for the additional reason that it merely repackages Plaintiff's negligent maintenance and general negligence claims. The alleged dangerous condition underlying each count is the same allegedly defective handrail that purportedly detached from the shower wall.

The First Amended Complaint identifies no specific warning that Carnival allegedly should have provided. Instead, Plaintiff alleges that Carnival failed to warn of the purportedly defective condition of the handrail, failed to warn of prior accidents involving similar handrails, and failed to warn of hazards associated with the handrail. *See* ECF No. 11 ¶ 18 (a-e).  These allegations depend entirely upon the same notice allegations that underpin Plaintiff's negligent maintenance and general negligence claims. Moreover, again, Plaintiff alleges that the dangerous condition was latent, not open and obvious, and undiscovered through inspection and maintenance. See *Id*. ¶ 10. Plaintiff therefore seeks to impose liability upon Carnival for failing to warn of the same condition that Plaintiff simultaneously alleges Carnival failed to discover.  Such allegations do not state an independent failure-to-warn claim and merely duplicate Plaintiff's maintenance-based negligence theories. Because Count One is entirely derivative of the same alleged defective condition and relies upon the same conclusory notice allegations as Counts Two and Three, Count One should be dismissed.

**IV.    Count III Should Be Dismissed Because It Does Not State an Independent Negligence Claim, Fails to Plausibly Allege Actual or Constructive Notice, and Is Duplicative of Count II**

Plaintiff's newly created Count III, entitled "General Negligence Against Defendant for Failure to Address a Fleet-Wide Pattern of Substantially Similar Incidents," fails to state a claim upon which relief may be granted. Although Plaintiff attempts to characterize Count III as a separate negligence cause of action, the allegations merely advance an alternative theory by which Plaintiff seeks to establish Carnival's actual or constructive notice of the allegedly defective bathroom handrail. Those allegations neither create a new legal duty nor constitute an independent negligence claim recognized under general maritime law.

Under general maritime law, a shipowner owes passengers a duty of exercising reasonable care under the circumstances. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989). As the Eleventh Circuit has repeatedly recognized, however, a carrier's duty extends only to dangers "of which the carrier knows or reasonably should have known." *Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 794 (11th Cir. 2017). Accordingly, "as a prerequisite to imposing liability, a carrier must have had actual or constructive notice of the risk-creating condition." *Id.*; *see also Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 n.3 (11th Cir. 1990). Notice, therefore, is an essential element of Plaintiff's negligence claim—not a separate cause of action. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012).

Actual notice exists where the defendant actually knew of the alleged dangerous condition. Constructive notice may be established by alleging that the condition existed for a sufficient period of time to invite corrective measures or by pleading substantially similar prior incidents. *Bujarski v. NCL (Bahamas) Ltd.*, 209 F. Supp. 3d 1248, 1250 (S.D. Fla. 2016); *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720-21 (11th Cir. 2019). To satisfy the substantial similarity requirement, however, the prior incidents must involve conditions "substantially similar to the occurrence in question." *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661-62 (11th Cir. 1988).

Although Plaintiff attempts to cure the pleading deficiencies identified in Carnival's original Motion to Dismiss by identifying four prior lawsuits, the First Amended Complaint still fails to plausibly allege actual or constructive notice because Plaintiff has not alleged facts demonstrating that those lawsuits involve substantially similar risk-creating conditions.

Specifically, Plaintiff relies upon incidents occurring aboard four different Carnival vessels over approximately a decade: the *Carnival Breeze*, *Carnival Sunrise*, *Carnival Glory*, and *Carnival Radiance*. *See* ECF No. 11, FAC, ¶ 29 (a-d). Those lawsuits involve different vessels, different

staterooms, different fixtures, and materially different factual circumstances. One lawsuit concerns a shower grab bar that allegedly detached while another concerns the absence of grab bars altogether; another involves the collapse of a wall-mounted shower chair allegedly exhibiting rust and deterioration; and another involves a handrail allegedly repaired after a prior report. Plaintiff nevertheless asserts conclusory allegations that these incidents establish a "fleet-wide pattern" without pleading facts demonstrating that the fixtures shared the same design, installation method, maintenance history, failure mechanism, or alleged defect as the handrail in Plaintiff's stateroom aboard the *Carnival Venezia*.

Plaintiff's allegations highlight the lack of substantial similarity. Rather than identifying recurring failures involving the same model handrail or the same allegedly defective condition aboard the Carnival *Venezia*, Plaintiff collects different bathroom safety fixtures—including grab bars, support handles, and shower chairs—from different ships spanning approximately ten years into a single generalized allegation of fleet-wide notice. Such conclusory allegations fall short of the Eleventh Circuit's requirement that prior incidents involve substantially similar risk-creating conditions. *See Goroni v. Carnival Corp.,* No. 1:24-cv-22995-WILLIAMS/GOODMAN, 2024 LX 55419 (S.D. Fla. Dec. 9, 2024). *See also Orchanian v. MSC Cruises S.A.,* No. 25-61623-CIV-DAMIAN/Strauss, 2026 LX 243174 (S.D. Fla. June 4, 2026). Further, in *Kendall v. Carnival Corp.*, the Court held that vague allegations concerning incidents on different vessels do not plausibly establish constructive notice because they fail to connect those incidents to the specific risk-creating condition at issue. *See Kendall v. Carnival Corp.,* No. 1:23-cv-22921-KMM, 2023 U.S. Dist. LEXIS 222188 (S.D. Fla. Dec. 7, 2023). As argued in *Kendall*, and as is true here, allegations concerning unrelated incidents aboard different vessels "constitute a great deviation

from Eleventh Circuit precedent requiring a plaintiff to show substantially similar accidents to the one at issue to demonstrate constructive notice." See *Id* at *4.

Since Plaintiff has failed to plausibly allege that the cited lawsuits involve substantially similar conditions, Count III does not independently establish actual or constructive notice. Rather, it merely repackages Plaintiff's deficient notice allegations under the guise of a separate negligence count.

Moreover, Count III seeks recovery for the same injury arising from the same occurrence based upon the same alleged failure to inspect, maintain, and repair the subject bathroom handrail that forms the basis of Count II. The only meaningful distinction is Plaintiff's assertion that Carnival should have responded differently to alleged prior lawsuits involving other vessels. Whether Carnival allegedly acquired notice through inspections, prior lawsuits, or other means is simply Plaintiff's theory of proving one element of his negligent maintenance claim; it does not create an independent duty or separate breach recognized under maritime law. Permitting Plaintiff to maintain a separate negligence claim based solely upon an alternative theory of notice would improperly multiply negligence causes of action arising from a single alleged breach of duty. While Rule 8 permits alternative factual allegations, it does not authorize duplicative claims predicated upon the same duty, the same alleged breach, and the same injury. See Fed. R. Civ. P. 8(a)(2).

Accordingly, Count III should be dismissed because it fails to plausibly allege actual or constructive notice and merely repackages Plaintiff's negligent maintenance claim under a different label.

**V.      Count IV Fails To State A Claim For Vicarious Liability**

Plaintiff's claim for vicarious liability should be dismissed because the First Amended Complaint fails to allege facts demonstrating negligent conduct attributable to any sufficiently identifiable employee or discrete group of employees acting within the scope of their employment. Instead, Plaintiff merely attributes Carnival's alleged negligence to broad departments and categories of crewmembers responsible for cleaning and maintaining the vessel. Those allegations simply restate Plaintiff's direct premises liability claims under the label of vicarious liability. *See* ECF No. 11, FAC, ¶ 34.

The Eleventh Circuit addressed circumstances in which maritime negligence claims are properly alleged under theories of vicarious liability in *Yusko v. NCL (Bah.), Ltd.*, 4 F.4th 1164 (11th Cir. 2021). There, a cruise passenger alleged that she was injured by the negligence of the ship's dance instructor when he dropped her during a dance competition. *Id*. at 1166. The district court granted summary judgment to the defendant cruise line, finding the plaintiff failed to demonstrate the defendant's notice of the risk-creating condition that caused her injury – i.e. the allegedly negligent dancing of its crewmember. *Id*. The Eleventh Circuit reversed, holding that "the notice requirement does not – and was never meant to – apply to maritime negligence claims proceeding under a theory of vicarious liability." *Id*. at 1167. The court reasoned that a claim for vicarious liability is not premised on the shipowner's conduct, but rather, "[w]hen the tortfeasor is an employee, the principle of vicarious liability allows an otherwise non-faulty employer to be held liable for the negligent acts of that employee acting within the scope of employment." *Id*. at 1169 (cleaned up).

However, the court also acknowledged that a plaintiff may not always be able to state a negligence claim in terms of vicarious liability. *Id*. at 1170 ("It may be true that, in some cases, it

will [be] easier for a passenger to proceed under a theory of vicarious liability than under one of direct liability. But common sense suggests that there will be just as many occasions where passengers are limited to a theory of direct liability."). Some examples the court cited are where the passenger cannot identify any specific employee whose negligence caused their injury and where the passenger is seeking to hold a shipowner liable for maintaining dangerous premises. *Id*. The Eleventh Circuit reaffirmed this principle in *Holland v. Carnival Corp.*, 50 F.4th 1088, 1097 (11th Cir. 2022) ("[N]othing in *Yusko* suggests that [a plaintiff] can avoid pleading the elements necessary to allege Carnival's direct liability for negligent maintenance and negligent failure to warn by titling his claims as claims for vicarious liability and asserting in a conclusory allegation that Carnival was vicariously liable for any negligent action by any of its crewmembers.").

"To maintain a claim for vicarious liability, a plaintiff must show that an employee committed a negligent act: '(1) within the scope of employment, or (2) during the course of employment and to further a purpose or interest of the employer.'" *Peterson v. MSC Cruises, S.A.*, 2024 U.S. Dist. LEXIS 251938, at *15 (S.D. Fla. Aug. 12, 2024) (citing *Carey v. Kirk*, 21-20408-CIV, 2022 WL 17996027, at *7 (S.D. Fla. Sept. 2, 2022)). "In those cases where courts in this District have found that plaintiffs successfully pled vicarious liability claims in negligence cases against cruise lines, those plaintiffs identified a single responsible employee, even if not by name, and the negligent act(s) attributable to them." *Jackson v. Cruise, S.A.*, No. 24-60689-CIV, 2024 WL 6964253, 2024 U.S. Dist. LEXIS 182818, at *6 (S.D. Fla. October 7, 2024).

Count Four of Plaintiff's First Amended Complaint broadly alleges that Carnival is vicariously liable for the acts and omissions of its unidentified agents, employees, and broad departments and categories of crewmembers responsible for cleaning and maintaining the vessel. Although a plaintiff need not identify the employee by name at the pleading stage, the complaint

must allege sufficient facts to identify the negligent conduct of a particular employee or a sufficiently identifiable group of employees so as to distinguish a claim based upon operational negligence from one alleging Carnival's own negligence in maintaining its vessel. *See Id.*

Here, Plaintiff alleges that Carnival is vicariously liable for the conduct of the "housekeeping department," "housekeeping personnel," and "maintenance or engineering crewmembers" allegedly responsible for inspecting, maintaining, repairing, and monitoring the shower handrail in Plaintiff's stateroom. *See* ECF No. 11, FAC, ¶ 34. These allegations are insufficient because they identify only broad corporate functions rather than any discrete operational negligence committed by an identifiable employee or sufficiently identifiable group of employees.

Plaintiff's First Amended Complaint also alleges that Carnival's employees were negligent by "[f]ailing to provide a reasonably safe stateroom shower" and "[f]ailing to adequately inspect the subject handrail to ensure it was securely and properly adhered to the wall." *See* ECF No. 11, ¶¶ 34(a)-(b). Plaintiff further alleges that Carnival's knowledge of the allegedly dangerous condition was acquired through "(a) the cleaning and/or inspection of the subject area prior to this accident; (b) prior incidents in the same or similar areas of Defendant's ships; and (c) alternatively, the foregoing conditions existed for sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of the dangerous condition posed by the subject handrail and corrected it." See *Id*. ¶ 35(a)-(c).

However, Plaintiff does not identify any particular employee who committed a negligent act or omission, does not identify any employee's job responsibilities, explain what any employee specifically did or failed to do, nor does he allege facts demonstrating how any individual employee's conduct caused Plaintiff's injuries. Further, the First Amended Complaint contains no

factual allegations regarding who inspected the stateroom, when the handrail was last inspected, whether any employee observed signs of looseness, instability, deterioration, or disrepair, or whether any employee received complaints regarding the handrail before the incident. Likewise, Plaintiff alleges no facts demonstrating that any employee knew or should have known that the handrail posed an unreasonable risk of harm prior to Plaintiff's accident. Instead, Plaintiff relies upon generalized allegations directed at Carnival's unidentified employees and crewmembers collectively.

"If such vague allegations were sufficient, any claim could theoretically be one for vicarious liability, because a company can only act through its employees." *Jackson v. MSC Cruises, S.A.,* No. 24-60689-CIV, 2024 WL 6964253, at \*6 (S.D. Fla. Oct. 7, 2024). Where, as here, a purported vicarious liability claim "involve[s] the conduct of multiple individual agents of the principal, not identifiable to the plaintiff at the outset of the case," it is "exactly the sort of claim that must be brought under a theory of direct liability." *Manzy v. Carnival Corp.*, 2024 U.S. Dist. LEXIS 181053, at \*8 (S.D. Fla. Oct. 3, 2024) (citing *Mathis v. Classica Cruise Operator Ltd. Inc.*, 23-CV-81479, 2024 U.S. Dist. LEXIS 59525, 2024 WL 1430508, at \*5 (S.D. Fla. Apr. 1, 2024), *report and recommendation adopted*, 23-81479-CIV, 2024 U.S. Dist. LEXIS 136264, 2024 WL 3616006 (S.D. Fla. Aug. 1, 2024)).

The court in *Manzy v. Carnival Corp.* held that allegations directed at "Carnival employees working at the Limelight Lounge" were not sufficiently specific to state a claim for vicarious liability because they merely identified a broad group of employees rather than negligent operational conduct attributable to a sufficiently identifiable employee or discrete group of employees. *See Manzy v. Carnival Corp.*, 2024 U.S. Dist. LEXIS 181053, at \*8 (S.D. Fla. Oct. 3, 2024).

The allegations here are similar to those rejected in *Manzy*. Plaintiff does not allege that any particular cabin steward, maintenance technician, engineer, or other crewmember performed a negligent repair, improperly installed the handrail, inspected the handrail and negligently approved it for use, or otherwise committed an identifiable negligent act that allegedly caused Plaintiff's injuries. Rather, Plaintiff alleges only that unidentified members of entire departments failed to inspect, maintain, monitor, or repair the allegedly defective condition. Those allegations are indistinguishable from Plaintiff's direct negligence claim. The alleged failures to inspect, maintain, repair, and warn concern Carnival's maintenance of its vessel and necessarily depend upon Plaintiff establishing that Carnival had actual or constructive notice of the allegedly dangerous condition. Simply attributing those same maintenance responsibilities to "housekeeping" or "maintenance" personnel does not transform a direct premises liability claim into one for vicarious liability. As a result, Count IV fails to plausibly state a claim for vicarious liability under general maritime law and should be dismissed. *See Holland v. Carnival Corp.*, 50 F.4th 1088, 1097 (11th Cir. 2022).

CONCLUSION

Plaintiff's First Amended Complaint fails to state claims upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6). Count I fails because Plaintiff does not plausibly allege that Carnival had actual or constructive notice of the allegedly defective handrail, an essential element of a maritime negligence claim. Moreover, Count I is duplicative of Plaintiff's negligent maintenance claim in Count II because both counts arise from the same alleged duty, the same underlying conduct, and the same alleged injury. Counts II and III likewise fail because Plaintiff does not plausibly allege that Carnival had actual or constructive notice of the alleged risk-creating condition. Plaintiff's allegations concerning inspections, prior incidents, and the

purported duration of the condition consist of conclusory assertions unsupported by sufficient factual allegations to satisfy the pleading standards of Rules 8(a) and 12(b)(6). Additionally, Count III does not assert an independent negligence claim but merely repackages Plaintiff's notice allegations into a separate count, rendering it duplicative of Count II. Count IV fails because it identifies only generalized categories of crewmembers—such as housekeeping, stateroom steward(s), and maintenance or engineering personnel—without alleging facts showing that any particular crewmember committed a negligent act or omission that proximately caused Plaintiff's injury. As such, Plaintiff fails to plausibly plead a separate claim for vicarious liability under general maritime law. Finally, the First Amended Complaint remains an impermissible shotgun pleading because each count incorporates all preceding allegations without distinguishing which factual allegations support each particular cause of action, thereby failing to provide Carnival with fair notice of the specific factual basis for each claim.

WHEREFORE, Defendant, Carnival Corporation Ltd., respectfully requests that this Court dismiss the Complaint in its entirety without prejudice, grant Plaintiff leave to amend if the Court deems appropriate, and award such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Gina M. Sabatino*
Gina M. Sabatino, Esq. [FBN: 116453]
gsabatino@chartwelllaw.com
THE CHARTWELL LAW OFFICES, LLP
100 SE 2nd Street, Suite 2150
Miami, Florida 33131-5322
Telephone: (305) 372-9044
Facsimile: (305) 372-5044
*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 20, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and served the forgoing by email to: David W. Singer, Esq., dsingeresq@aol.com; and Michael A. Hoffman, Esq., mahoffman@l800askfree.com; litigation@l800askfree.com; ndvorak@l800askfree.com; at David W. Singer & Associates, P.A., 1011 South Federal Highway. Hollywood, FL 33020.

*/s/ Gina M. Sabatino*
Gina M. Sabatino, Esq.